# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **NORMA COSTNER,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NUMBER:** |
| ) | **JURY TRIAL DEMANDED** |
| **UNIFUND CCR PARTNERS,** ) | |
| ) | |
|     **Defendants.** ) | |

## COMPLAINT

This is an action brought by the Plaintiff, **NORMA COSTNER**, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that at all relevant times the Defendant transacted business here, and the Plaintiff resides here.

### STATEMENT OF THE PARTIES

1. Plaintiff, Norma Costner, is over the age of nineteen (19) years and is

a resident of the city of Talladega in Talladega County, Alabama.

2. Defendant Unifund CCR Partners ("Unifund") is and at all times pertinent herein was, a legal entity organized under the laws of the State of Ohio with its principal place of business in Cincinnati, Ohio. Plaintiff asserts that, upon information and belief, Defendant Unifund is a debt collector as that term is defined by the Fair Debt Collection and Practices Act at 15 U.S.C. §1692(a)(6).

3. All events herein occurred in Talladega County, Alabama.

## STATEMENT OF FACTS

### *Background*

4. On or about December 15, 2004, Defendant filed a lawsuit against Plaintiff Norma Costner in the District Court of Talladega County, Alabama which was assigned case number 61-DV-2004-000336. (hereinafter referred to as "the lawsuit").

5. The lawsuit involved a debt allegedly owed by Plaintiff to Bank One, Delaware N.A., an entity not a party to this lawsuit, as the result of unpaid charges relating to the use of a credit card. Defendant filed the lawsuit in an attempt to collect an alleged debt.

6. This debt was incurred for personal, family, or household services, and was a "debt" as defined by the FDCPA at 15 U.S.C. §1692a(5).

7. Plaintiff and Defendant entered into a stipulated consent judgment (hereinafter referred to as "the Judgment"). The Judgment was signed by both Plaintiff and counsel for Defendant on or about March 8, 2005.

8. The terms of the Judgment were that Plaintiff stipulated that a judgment could be entered against her in the amount of four thousand three hundred eighty dollars ($4,380.00) plus costs of court. The terms were that Plaintiff would make payments of eighty dollars ($80.00) a month until the judgment was paid in full.

9. Importantly, the Judgment, filed with the Court and signed by the parties has the words "plus accruing interest" intentionally scratched out and initialed by "N.C." Presumably "N.C." is Naomi A. Cohen Ivker, the attorney who signed the Judgment in her capacity as counsel for Defendant. As such, the parties, in the Judgment agreed that there would be no accruing interest. Further there is no mention in the Judgment that interest would accrue should Plaintiff fail to make the agreed upon payments.

10. The Judgment was filed into Court and the Court, on the record, entered judgment in the amount of four thousand three hundred eighty dollars ($4,380.00) plus costs of court on April 12, 2005. There is no mention of accruing post-judgment interest or reference to interest whatsoever in the Court's docket sheet reflecting the entry of the Judgment.

11. On April 14, 2015, just over ten years from the date of the entry of judgment, Defendant, through counsel, filed a motion with the District Court of Talladega County to revive the Judgment.

12. Despite no Order from the District Court of Talladega County reviving the Judgment, on February 3, 2020, Defendant initiated garnishment proceedings against Plaintiff.

13. In the February 3, 2020 Process of Garnishment filed by Defendant based upon the Judgment, Defendant claimed Plaintiff owed nine thousand four-hundred thirteen dollars and twenty-two cents ($9,413.22). Of this claimed amount, Defendant represented to the Court that Plaintiff owed six thousand seven-hundred ninety-four dollars and two cents ($6,794.02) **in interest**.

14. On February 25, 2020, the District Court of Talladega County entered an Order reviving the Judgment.

15. The process of garnishment was served on Plaintiff's employer.

## COUNT ONE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The foregoing acts and omissions of Defendants and their employees and agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, including, **but not limited to**, 15 U.S.C.§1692e(2)(A) and §1692f(1) with respect to Plaintiff.

18. As a direct and proximate result of the wrongful conduct visited upon Plaintiff by Defendants in their collection efforts, Plaintiff suffered actual damages including physical pain, mental anguish and emotional distress.

19. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT TWO
## NEGLIGENCE

20. Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

21. The Defendants knew or should have known the conduct set forth herein which was directed at and visited upon Plaintiff.

22. The Defendants knew or should have known that said conduct was improper.

23. The Defendants negligently failed to prevent and/or participated in improper collection activities.

24. As a result of The Defendants' negligence, the Plaintiff suffered physical pain, worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESSNESS AND WANTONNESS
## AGAINST THE DEFENDANTS

25. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

26. The Defendants knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

27. The Defendants knew or should have known that said conduct was improper.

28. The Defendants recklessly and wantonly failed to prevent and/or participated in improper collection activities.

29. As a result of the Defendant's reckless and wanton conduct, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and mental anguish.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of the Defendant in statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this court deems proper and/or necessary.

In addition to the above, Plaintiff further demands declaratory judgment that Defendants' conduct violated the FDCPA, actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in the amount of $1,000.00 for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k and costs and reasonable attorney's fees for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Norma Costner
220 Old Cemetery Rd.
Talladega, AL 35160

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**UNIFUND CCR PARTNERS**
c/o Registered Agent
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104